UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SAAD INVESTMENTS COMPANY LIMITED,

Debtor in a Foreign Proceeding.

Chapter 15

Case No. 15-11440

**ORDER GRANTING RECOGNITION
OF FOREIGN PROCEEDINGS**

Petitioners Hugh Dickson of Grant Thornton Specialist Services (Cayman) Limited and Stephen Akers and Mark Byers of Grant Thornton U.K. L.L.P (collectively, the "**Petitioners**"), in their capacity as duly appointed foreign representatives, as defined in section 101(24) of title 11 of the United States Code (the "**Bankruptcy Code**"), of Saad Investments Company Limited. ("**SICL**"), a debtor in a foreign proceeding (the "**Cayman Islands Proceeding**"), as defined in Bankruptcy Code section 101(23), pending before the Grand Court of the Cayman Islands, Financial Services Division (the "**Cayman Islands Grand Court**"), having filed (i) the Official Form B1 Chapter 15 petition commencing this Chapter 15 case (the "**Petition**"); (ii) the Verified Petition in Support of Application for Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. § 1517 and Additional Relief; (iii) the Declaration of Hugh Dickson; (iv) the Declaration Shelley White; and (v) the Memorandum of Law in Support of the Verified Petition (collectively, the "**Chapter 15 Pleadings**"); and the Court having reviewed and considered the Chapter 15 Pleadings; and no objections or other responses having been filed thereto; and due and timely notice of the filing of the Chapter 15 Pleadings having been given; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

1

a. This Court has jurisdiction over this Chapter 15 case pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code.

b. Venue of this Chapter 15 case is proper in this judicial district pursuant to 28 U.S.C. § 1410(1) and § 1410(2).

c. The consideration of the Chapter 15 Pleadings and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

d. This Chapter 15 case was properly commenced in compliance with and pursuant to sections 1504, 1515, and 1517 of the Bankruptcy Code.

e. The Chapter 15 Pleadings meet the requirements of section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

f. The Cayman Islands Proceeding is entitled to recognition by this Court pursuant to section 1517(a) of the Bankruptcy Code.

g. The Cayman Islands Proceeding is a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code.

h. The Cayman Islands Proceeding is pending in the Cayman Islands, which is the location of SICL's "center of main interests," and as such the Cayman Islands Proceeding is entitled to recognition as a foreign main proceeding pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

i. Petitioners are "persons" within the definition of section 101(41) of the Bankruptcy Code and are the duly appointed "foreign representatives" of SICL within the meaning of section 101(24) of the Bankruptcy Code, and, as such, are entitled to directly petition the Court for recognition of the Cayman Islands Proceeding under section 1509 of the Bankruptcy Code.

j.  Petitioners are entitled to all relief provided pursuant to section 1520 of the Bankruptcy Code without limitation.

k.  Petitioners are further entitled to the additional relief as set forth herein under section 1521 of the Bankruptcy Code.

l.  The relief granted herein is necessary and appropriate to effectuate the purposes of Chapter 15 of the Bankruptcy Code, is in the interests of public policy and international comity, is not manifestly contrary to the public policy of the United States, and is warranted pursuant to section 1520 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Cayman Islands Proceeding is granted recognition as a foreign main proceeding, as defined in section 1502(4) of the Bankruptcy Code, pursuant to section 1517 of the Bankruptcy Code.

2.  All effects of recognition of the Cayman Islands Proceeding as a foreign main proceeding as set forth in section 1520 of the Bankruptcy Code shall apply.

3.  Petitioners are and shall be recognized as SICL's foreign representatives for which they were duly appointed as Joint Official Liquidators in the Cayman Islands Proceeding.

4.  The protections of sections 361 and 362 of the Bankruptcy Code shall apply to SICL and its assets in the United States.

5.  Petitioners are authorized to conduct discovery, issue subpoenas, examine witnesses, take 2004 examinations, seek turnover under section 542 of the Bankruptcy Code, gather evidence, and receive documents and information pursuant to applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the Bankruptcy Court of the Southern District of New York concerning SICL's assets, affairs, rights, objections, or liabilities.

6. Petitioners are entrusted with the administration and realization of SICL's assets that are located in the United States, including without limitation any and all claims and causes of action belonging to SICL (including avoidance actions under Cayman Islands law).

7. If a third party (i) holds a competing interest in an asset entrusted to Petitioners for administration and realization and (ii) disputes Petitioners' right to act with respect to that asset, then that third party may move this Court for appropriate relief.

8. Service of this Order shall be given by email or U.S. First Class mail to (i) the United States Trustee; (ii) SICL's Liquidation Committee members; (iii) present and former persons authorized to administer SICL's foreign proceedings: (a) Christopher Guenther, and (b) John McKenna; and (vi) the litigation parties: (a) J.P. Morgan Chase Bank, N.A., (b) J.P. Morgan Markets Limited, (c) J.P. Morgan (Suisse) SA, (d) J.P. Morgan Securities, LLC, (e) J.P. Morgan Clearing Corp., (f) J.P. Morgan International Bank Limited, and (g) Sarah A. Quinlan (collectively, the "**Notice Parties**").

9. Such service shall be good and sufficient service and adequate notice of this Order for all purposes.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 cases, and any request by any person or entity for relief from the provisions of this Order.

12. Nothing in this Order, recognition of the Cayman Insolvency Proceeding, nor application of section 362 of the Bankruptcy Code shall apply to: (i) the defense of any claim of

4

prosecution of any counterclaim asserted by J.P. Morgan Chase Bank, N.A., J.P. Morgan Markets Limited, J.P. Morgan (Suisse) SA, J.P. Morgan Securities, LLC, J.P. Morgan Clearing Corp., and J.P. Morgan International Bank Limited (collectively, the "**J.P. Morgan Entities**") in *Saad Investments Company Limited, Hugh Dickson, Stephen Akers, and Mark Byers solely in their capacity as Joint Official Liquidators of Saad Investments Company Limited v. J.P. Morgan Chase Bank, N.A., J.P. Morgan Markets Limited, J.P. Morgan (Suisse) SA, J.P. Morgan Securities, LLC, J.P. Morgan Clearing Corp., and J.P. Morgan International Bank Limited*, Index No. 651833/2012, pending in the Supreme Court of the State of New York, New York County (the "**New York Action**"); (ii) the rights of any of the J.P. Morgan Entities to hold any property of SICL pending the outcome of the New York Action; (iii) the rights of any of the J.P. Morgan Entities to enforce any judgment that is rendered in the New York Action by way of set off or otherwise; and (iv) the agreement between the parties that adjudication of all of the claims and counterclaims asserted in the New York Action will be adjudicated solely in the Supreme Court of the State of New York, New York County, together with any appeals therefrom in the courts of the State of New York.

13. The Petitioners hereby agree that they shall not seek dismissal or transfer of any claims and counterclaims asserted in the New York Action based on recognition of the Cayman Insolvency Proceeding.

Dated: New York, New York
       July 17, 2015

/s/ *James L. Garrity, Jr.*
United States Bankruptcy Judge